# EXHIBIT 1

## SUPERIOR COURT OF TATTNALL COUNTY
## STATE OF GEORGIA

&#128417; EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TATTNALL COUNTY, GEORGIA
**SUV2018000106**
GC
MAY 17, 2018 01:53 PM

Sherry Bland
Sherry Bland, Clerk
Tattnall County, Georgia

CIVIL ACTION NUMBER  SUV2018000106

Butler, Alicia
_____

**PLAINTIFF**
                                              VS.

The Georgia Department of Corrections
Georgia Correctional Healthcare
Georgia State Prison
Georgia Department of Behavioral Health
and Developmental Disabilities
Marty Allen, Individually and as the Warden
of Georgia State Prison
Williams, Stanley
Ward, Timothy
The Board of Regents of the University
System of Georgia
John Does 1-10
_____

**DEFENDANTS**
_____

Page 1 of 2

## SUPERIOR COURT OF TATTNALL COUNTY
## STATE OF GEORGIA

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

Stephen Lowry
HARRIS LOWRY MANTON LLP
410 E Broughton St.
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

This 17th day of May, 2018.

Clerk of Superior Court

Sherry Bland, Clerk
Tattnall County, Georgia

**$ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TATTNALL COUNTY, GEORGIA
**SUV2018000106**
GC
MAY 17, 2018 01:53 PM

Sherry Bland, Clerk
Tattnall County, Georgia

## IN THE SUPERIOR COURT OF TATTNALL COUNTY
### STATE OF GEORGIA

ALICIA BUTLER,                               )
                                             )
    Plaintiff,                       )
                                             )
v.                                           )    Civil Action File No.
                                             )
THE GEORGIA DEPARTMENT OF                    )    **JURY TRIAL DEMANDED**
CORRECTIONS, THE BOARD OF REGENTS            )
OF THE UNIVERSITY SYSTEM OF GEORGIA,         )
GEORGIA CORRECTIONAL HEALTHCARE,             )
GEORGIA STATE PRISON, GEORGIA                )
DEPARTMENT OF BEHAVIORAL HEALTH              )
AND DEVELOPMENTAL DISABILITIES,              )
MARTY ALLEN, INDIVIDUALLY AND AS             )
THE WARDEN OF GEORGIA STATE PRISON,          )
STANLEY WILLIAMS, TIMOTHY WARD and           )
JOHN DOES 1-10.                              )
                                             )
    Defendants.                      )

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Alicia Butler, and files this Complaint for Damages against the

Defendants and claims as follows:

### Parties, Jurisdiction, and Venue

1.    This is a civil action arising under O.C.G.A. §§ 50-21-1, 50-21-23, and 50-21-25,

42 U.S.C. Section 1983, the Fourth and Fourteenth Amendments to the United States

Constitution, and the Georgia Constitution.

2.    Plaintiff Alicia Butler, is a resident of Tattnall County, Georgia.

3.    The Georgia Department of Corrections is a public body of the State of Georgia

that is vested with the government, control and management of Georgia State Prison.  The

Georgia Department of Corrections operates and does business as Georgia State Prison.  The

Georgia Department of Corrections is subject to suit under the Georgia Tort Claims Act, O.C.G.A. § 50-21-20, et seq.  Service may be had upon said Defendants by serving the Chief Executive Officer of the state government entity involved, Commissioner Gregory C. Dozier, at his usual office address at 7 MLK Jr. Drive, Suite 543, Atlanta, Georgia 30334, and serving the Director of the Risk Management Division of the Department Administrative Services, Wade Damron, at his usual office address at 200 Piedmont Avenue, S.E., Suite 1804, West Tower, Atlanta, Georgia 30334-9010.

4.      The Board of Regents of the University System of Georgia (hereinafter "Board of Regents") is a public body of the State of Georgia that is vested with the government, control and management of the University System of Georgia.  The Board of Regents operates and does business as Augusta University.  Said entity is subject to suit under the Georgia Tort Claims Act, O.C.G.A. § 50-21-20, et seq. Service may be had upon said Defendant by serving the Chief Executive Officer of the state government entity involved, Chancellor Steve Wrigley at his usual office address at 270 Washington Street, SW, Atlanta, Georgia 30334, and serving the Director of the Risk Management Division of the Department Administrative Services, Wade Damron, at his usual office address at 200 Piedmont Avenue, S.E., Suite 1804, West Tower, Atlanta, Georgia 30334-9010.

5.      Defendant Georgia Correctional HealthCare is a state government entity operated as a division of the Board of Regents through Augusta University and contracts with the Georgia Department of Corrections to deliver health care to Georgia's offender population.  Said entity is subject to suit under the Georgia Tort Claims Act, O.C.G.A. § 50-21-20, et seq. Service may be had upon said Defendant by serving the Chief Executive Officer of the state government entity involved, Lynn Bill at her usual office address at 1120 15th Street, Augusta, Georgia 30912, and

2

serving the Director of the Risk Management Division of the Department Administrative

Services, Wade Damron, at his usual office address at 200 Piedmont Avenue, S.E., Suite 1804,

West Tower, Atlanta, Georgia 30334-9010.

6.       Defendant Georgia State Prison is a state government entity operated by the

Georgia Department of Corrections. Said entity is subject to suit under the Georgia Tort Claims

Act, O.C.G.A. § 50-21-20, et seq. Service may be had upon said Defendant by serving the Chief

Executive Officer of the state government entity involved, Warden Marty Allen, at his usual

office address at 300 First Avenue South, Reidsville, Georgia 30453, and serving the Director of

the Risk Management Division of the Department Administrative Services, Wade Damron, at his

usual office address at 200 Piedmont Avenue, S.E., Suite 1804, West Tower, Atlanta, Georgia

30334-9010.

7.       Defendant Georgia Department of Behavioral Health and Developmental

Disabilities is a public body of the State of Georgia.  Said entity is subject to suit under the

Georgia Tort Claims Act, O.C.G.A. § 50-21-20, et seq. Service may be had upon said Defendant

by serving the Chief Executive Officer of the state government entity involved, Commissioner

Judy Fitzgerald, at her usual office address at Two Peachtree Street, NW, 24th Floor, Atlanta,

Georgia, 30303, and serving the Director of the Risk Management Division of the Department

Administrative Services, Wade Damron, at his usual office address at 200 Piedmont Avenue,

S.E., Suite 1804, West Tower, Atlanta, Georgia 30334-9010

8.       A copy of this Complaint, showing the date of filing, will be mailed today to the

Attorney General at his usual office address by certified mail or statutory overnight delivery,

return receipt requested as required by O.C.G.A. § 50-21-35, and as confirmed in the Certificate

of this requirement which is attached to this Complaint as Exhibit 1.  Plaintiff has submitted

3

Notices of Claim as required by the Georgia Tort Claims Act, copies of which are attached to this Complaint together with the certified mail receipts or statutory overnight delivery receipt for other delivery as Exhibits 2 and 3. The medical bills that were previously attached and mailed with the Notices of Claim are not attached to the Complaint as they contain Plaintiff's personal information. Plaintiff's counsel will produce the medical bills that were previously attached and mailed with the Notices of Claim upon request. The Department of Administrative Services has denied the claim and/or more than ninety (90) days has elapsed after the presentation of the Notice of Claim.

9.     Defendant Stanley Williams is sued individually and in his official capacity under Georgia law. At all relevant times, Defendants Williams acted under color of state law as Warden of Georgia State Prison. It was Defendant Williams' responsibility and duty to know and comply with minimum constitutional requirements and to know and to comply with all constitutional and lawful policies, procedures practices and customs of Georgia State Prison. It was Defendant William's responsibility to know and to comply with all laws, including the Constitutional and laws of the United State and of the State of Georgia, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others. In all of these responsibilities material to this lawsuit, he failed while acting under color of state law.

10.     Defendant Timothy Ward is sued individually and in his official capacity under Georgia law. At all relevant times, Defendant Ward acted under color of law as the Assistant Commissioner of the Georgia Department of Corrections. It was Defendant Ward's responsibility and duty to know and comply with minimum constitutional requirements and to know and to comply with all constitutional and lawful policies, procedures practices and customs

of Georgia State Prison. It was Defendant Ward's responsibility to know and to comply with all laws, including the Constitutional and laws of the United State and of the State of Georgia, governing the performance of his duties and not to be intentionally, deliberately, or consciously indifferent to any of those responsibilities or to the constitutional rights of others. In all of these responsibilities material to this lawsuit, he failed while acting under color of state law

11.     Defendants Stanly Williams and Timothy Ward (collectively referred to herein as "Individual GDC Officers"), acted under color of state law in their individual capacities with the Georgia Department of Corrections, had responsibilities and duties to know and comply with minimum constitutional requirements and to know and to comply with constitutional and lawful policies, procedures, practices and customs of the Georgia Department of Corrections and the Georgia State Prison.

12.     Defendants John Does 1-10 are unknown individuals and/or groups of individuals or companies responsible for security and/or safety of GSP. The Plaintiff is unaware of the true names and capacities of these Defendants and therefore sues those persons by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained and intends to seek immediate discovery from the Defendants to determine the identities of John Does 1-10.

13.     Venue is proper in the Superior Court of Tattnall County.

## Statement of Facts

14.     On June 5, 2016 Carlos Renardo Johnson ("Inmate Johnson") was serving a life sentence at Georgia State Prison for the major offense of Rape on September 28, 2004 in DeKalb County, Georgia. Mr. Johnson had also been convicted of Burglary on September 28, 2004,

Aggravated Assault, Aggravated Sexual Battery, Robbery, and Aggravated Battery on July 27, 2004.

15.     Alicia Butler is a Licensed Practical Nurse (LPN), and on June 5, 2016 was contracted through her employer, Lighthouse Nursing Agency, Inc., to provide nursing services at Georgia State Prison located at 300 First Avenue South, Reidsville, Georgia.  On June 5, 2016, Ms. Butler was working in Georgia State Prison's Medical Area's pill room behind the mental health medical office counting and preparing medication for distribution to inmates at Georgia State Prison.

16.     In order to work as a contract medical provider at Georgia State Prison, Ms. Butler was required to execute the following forms: "Sexual Assault/Sexual Misconduct Prison Rape Elimination Act (PREA) Education Acknowledgment Statement," a "Georgia Department of Corrections Commissioner's Statement Prohibiting Unlawful Harassment (Including Sexual Harassment)," and "Sexual Misconduct With and Offender Acknowledgment."

17.     At all relevant times, the Georgia Department of Corrections was responsible for the safety and security of contract medical providers, including contract nurses like Ms. Butler.

18.     The GSP Daily Staffing Assignment documents for June 5, 2016, incorrectly indicates that Sergeant Coswayla Tarver was assigned to the operate the Main Control, which was the station in charge of opening the sliders that allowed Inmate Johnson into the hallway of the Medical Area. Nicole Robinson was actually operating the Main Control on June 5, 2016.

19.     At all relevant times, the Georgia Department of Corrections policy required four nurses to be on duty in the medical area and required five security and/or correctional officers to be stationed in the medical area.

6

20.   During Ms. Butler's shift on June 5, 2016, there were only three nurses, including Ms. Butler, on medical duty.

21.   During Ms. Butler's shift on June 5, 2016, there was only one security and/or correctional officer present and/or stationed in the medical area.

22.   In the afternoon of June 5, 2016, the two other nurses on duty left the pill room to deliver medications to the inmates. A few minutes after 3:00 pm, Ms. Butler heard the door to the medical unit close. An unsupervised inmate, Carlos Johnson, approached Ms. Butler and told her that an officer had sent him to receive his pills. Ms. Butler told Inmate Johnson that she was preparing pills for inmates on lockdown and that his nurse would distribute his pills. Inmate Johnson left the room.

23.   Approximately ten minutes later, Inmate Johnson returned to the pill room by himself. Inmate Johnson was not supervised, was not wearing handcuffs or leg cuffs, and was not physically restrained in any way. There were no security and/or correctional officers present. Ms. Butler reached for the telephone to report Inmate Johnson's entrance, when Inmate Johnson sexually battered and attempted to rape Ms. Butler. Ms. Butler lost consciousness several times during Inmate Johnson' attack and attempted rape. Inmate Johnson hit, punched, choked, and urinated on Ms. Butler repeatedly and pulled Ms. Butler's pants and tights down. While she was unconscious Inmate Johnson pinned her between a desk and the wall so that she was trapped.

24.   Inmate Johnson left the medical area while Ms. Butler was pinned between a desk and the wall.

25.   Some time later, Officer Jerome Lane came to the room, he found Ms. Butler unconscious, and called for more assistance.

7

26.     Ms. Butler was taken to a hospital in Reidsville, GA by ambulance and then was transferred to East Georgia Regional Medical Center in Statesboro, GA.  Ms. Butler was treated at the Teal House Statesboro Regional Sexual Assault Center.  Because Ms. Butler was unconscious throughout the attack, she did not know whether she had been raped during the sexual assault or if Inmate Johnson had unsuccessfully attempted to rape her.

27.     Ms. Butler suffered injuries to her throat and eyes, severe and persistent headaches, and severe psychological and emotional damages.

28.     Ms. Butler has incurred substantial medical costs, including $24,379.22 at East Georgia Regional Medical Center and $1,792.72 at Neurological Center of East Georgia.  Ms. Butler continues regular treatment with continuing treatment with counselors and neurologists.

29.     Ms. Butler has not been able to work since the sexual battery and attempted rape.

30.     Ms. Butler's damages include general and special damages for both past and future treatment, including but not limited to medical expenses, permanent disabilities, diminished earning capacity, lost wages, pain and suffering, and other damages allowed under Georgia law.

## Count I

## Negligence

31.     The allegations of the preceding paragraphs are incorporated by reference, and made a part hereof, as if each such allegation was fully set forth herein.

32.     Defendants Georgia Department of Corrections, Board of Regents, Georgia Correctional HealthCare, Georgia State Prison, Georgia Department of Behavioral Health and Developmental Disabilities owed a duty to Ms. Butler to provide adequate security in the medical facilities at Georgia State Prison to protect Ms. Butler from the known and foreseeable

dangerous situation created by permitted and/or failing to prevent known violent inmates like Inmate Johnson, who had committed several sex related crimes, unsupervised access to the medical facilities at Georgia State Prison.

33.     Defendants owed a duty to Ms. Butler to provide adequate staffing, safety, security, and protection to employees and contract medical service providers.

34.     Defendants owed a duty to Ms. Butler to provide adequate supervision of inmates, including Inmate Johnson.

35.     Defendants breached the duty owed to Alicia Butler by failing to provide adequate staffing, failing to provide adequate security, failing to protect its employees and contract medical services providers.

36.     Defendants breached the duty owed to Alicia Butler by failing to supervise inmates.

37.     Defendants' breaches created a hazardous situation for Ms. Butler.

38.     Defendants negligently caused Ms. Butler's injuries by failing to provide adequate staffing and adequate security, failing to maintain sufficient policies and procedures to operate the premises, failing to adequately supervise inmates generally, and specifically failing to assign the proper security classification to Inmate Johnson.

39.     As the direct and proximate result of Defendants' negligence, Ms. Butler sustained serious injuries, suffered immense fear, distress, conscious pain and suffering. Plaintiff seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law.

## Count II

## Constitutional Tort

9

40.     The allegations of the preceding paragraphs are incorporated by reference, and made a part hereof, as if each such allegation was fully set forth herein.

41.     Defendants Stanley Williams and Timothy Ward, acting under color of law as officers of the Georgia Department of Corrections and Georgia State Prison, created the very danger that led to Ms. Butler's injuries, by allowing Inmate Johnson, an inmate convicted of rape who was highly likely to cause the injuries the Ms. Butler received, access to Georgia State Prison's medical area without any supervision by a single correctional officer and without constraints of handcuffs, leg cuffs, or physically restrained in any way.

42.     As a direct and proximate result of the conduct of Defendants Williams and Ward, committed under color of state law, Defendants deprived Ms. Butler of her rights, privileges and immunities under the laws and the Constitution of the United States.  As a result, Ms. Butler suffered and continues to suffer harm in violation of her rights under the laws and Constitution of the United States.

43.     Failing to prevent Inmate Carlos Johnson, who was serving a life sentence for rape, from entering the pill room in the medical area at Georgia State Prison created a direct threat to Ms. Butler's constitutionally protected rights that shocks the conscience.  Allowing Inmate Johnson to enter the pill room unshackled and free from constraints further shocks the conscience.  Finally, failing to have any correctional or security officers in the medical area when Inmate Johnson entered the pill room created a reckless and intentionally injury-causing state action which shocks the conscience.

44.     Ms. Butler is a member of a limited and specifically definable group, contract medical services providers at Georgia State Prison.

10

45.     Defendants' conduct, which allowed Inmate Johnson who was serving a life sentence for rape to enter Georgia State Prison's medical area with no restraints and with no correctional or security officer present, put Ms. Butler at a substantial risk of serious, immediate, and proximate harm.

46.     By these actions, Defendants have deprived Ms. Butler of her rights secured by the law and Constitution of the United States.

47.     As the direct and proximate result of Defendants' state-created danger, Ms. Butler sustained serious injuries, suffered immense fear, distress, and conscious pain and suffering. Plaintiff seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under law.

## Count III

## Punitive Damages

48.     The allegations of the preceding paragraphs are incorporated by reference, and made a part hereof, as if each such allegation was fully set forth herein.

49.     Plaintiff should be awarded punitive damages against the Defendants for their actions and inaction, which exhibited the entire want of care as to show conscious indifference to the consequences of their actions.

## Count IV

## Expenses of Litigation Under O.C.G.A. § 13-6-11

50.     The allegations of the preceding paragraphs are incorporated by reference, and made a part hereof, as if each such allegation was fully set forth herein.

51.     Defendants have acted in bad faith, been stubbornly litigious, and caused unnecessary expense as those terms are used and/or defined in O.C.G.A. § 13-6-11.

11

52.    Plaintiff has incurred, and continues to incur, expenses of litigation, including, but not limited to, attorneys' fees and costs as a result of the acts and/or omissions of Defendants.

53.    Under O.C.G.A. § 13-6-11, Defendants are responsible for reimbursing Plaintiff for the expenses of litigation incurred by Plaintiff.

<u>**Prayer for Relief**</u>

WHEREFORE, Plaintiff Alicia Butler prays and respectfully demands judgment against Defendants as follows:

A.    That Summons and Process issue and that Defendants be served with a copy of this Complaint as required by law and that Defendants be required to appear and answer;

B.    That Plaintiff be awarded all compensatory damages from Defendants to which she is entitled to recover under Georgia law;

C.    That Plaintiff recover all special damages including, but not limited to, funeral expenses, medical expenses, and damage to property incurred;

D.    That Plaintiff recover damages for the pain and suffering;

E.    That Plaintiff be awarded punitive damages from Defendants in order to punish Defendants for their past misconduct and to deter them from engaging in similar misconduct in the future, and that said damages shall be awarded in such an amount as may be shown by the evidence and determined in the enlightened conscience of the jury;

F.    That Plaintiff be granted trial by jury of all issues so triable;

G.    That Plaintiff has and recovers a verdict and judgment against Defendants for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

H.      That Plaintiff be granted any other relief this Court deems just and appropriate.

DATED this 17th day of MAY, 2018.

*Respectfully submitted,*

**HARRIS LOWRY MANTON LLP**

___/s/ Stephen G. Lowry_____
STEPHEN G. LOWRY
Georgia Bar No. 460289
T. PEYTON BELL
Georgia Bar No.: 571663

410 E. Broughton Street
Savannah, Georgia 31401
(912) 651-9967 (phone)
(912) 651-1276 (fax)
jed@hlmlawfirm.com
peyton@hlmlawfirm.com

R. SCOT KRAEUTER
Georgia Bar No. 428960

Johnson, Kraeuter & Dunn, LLC.
327 Eisenhower Drive
Savannah, Georgia 31406
(912) 721-9844
scot@jkdlawfirm.com

DUANN COWART DAVIS
Georgia Bar No. 191899

Duann Cowart Davis, P.C.
Post Office Box 415
108 North Main Street Ste B.
Reidsville, Georgia 30453
Telephone: (912) 257-4247
Facsimile: (912) 228-4530
duann@duanncowartdavis.com

*Counsel for Plaintiff*

13

N/A

IN THE SUPERIOR COURT OF TATTNALL COUNTY
STATE OF GEORGIA

ALICIA BUTLER,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )        Civil Action File No.
                                                  )
THE GEORGIA DEPARTMENT OF                         )        JURY TRIAL DEMANDED
CORRECTIONS, THE BOARD OF REGENTS                 )
OF THE UNIVERSITY SYSTEM OF GEORGIA,              )
GEORGIA CORRECTIONAL HEALTHCARE,                  )
GEORGIA STATE PRISON, GEORGIA                     )
DEPARTMENT OF BEHAVIORAL HEALTH                   )
AND DEVELOPMENTAL DISABILITIES,                   )
MARTY ALLEN, INDIVIDUALLY AND AS                  )
THE WARDEN OF GEORGIA STATE PRISON,               )
STANLEY WILLIAMS, TIMOTHY WARD and                )
JOHN DOES 1-10.                                   )
                                                  )
        Defendants.                               )

**PLAINTIFF'S CERTIFICATE OF SERVICE OF PROCESS
PURSUANT TO O.C.G.A § 50-21-35**

I hereby certify that I have this day, contemporaneously while filing this Complaint,

served a true and correct copy of Plaintiff's Complaint for Damages by causing the same to be

delivered to Christopher M. Carr, Attorney General, via USPS certified mail, return receipt

requested, addressed as follows:

Christopher M. Carr, Attorney General
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

DATED this 17th day of MAY, 2018.



PLAINTIFF'S EXHIBIT 1

*Respectfully submitted,*

**HARRIS LOWRY MANTON LLP**

STEPHEN G. LOWRY
Georgia Bar No. 460289
T. PEYTON BELL
Georgia Bar No.: 571663

410 E. Broughton Street
Savannah, Georgia 31401
(912) 651-9967 (phone)
(912) 651-1276 (fax)
jed@hlmlawfirm.com
peyton@hlmlawfirm.com

R. SCOT KRAEUTER
Georgia Bar No. 428960

Johnson, Kraeuter & Dunn, LLC.
327 Eisenhower Drive
Savannah, Georgia 31406
(912) 721-9844
scot@jkdlawfirm.com

Duann Cowart Davis, P.C.
Post Office Box 415
108 North Main Street Ste B.
Reidsville, Georgia 30453
Telephone: (912) 257-4247
Facsimile: (912) 228-4530
duann@duanncowartdavis.com

DUANN COWART DAVIS
Georgia Bar No. 191899

*Counsel for Plaintiff*

-2-



# DUANN COWART DAVIS, P.C.
### ATTORNEY AT LAW

DuAnn Cowart Davis • P.O. Box 415, 108 North Main Street, Suite B, Reidsville, GA 30453
Telephone (912) 257-4247 • Facsimile (912) 228-4530 • duann@duanncowartdavis.com

June 1, 2017

*Via Federal Express, First Class Mail, and U.S.P.S. Certified Mail/Return Receipt Requested*

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7182
Federal Express #7792 8008 2430*
Georgia Department of Corrections
Gregory C. Dozier, Commissioner
300 Patrol Road
Forsyth, Georgia 31029

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7205
Federal Express #7792 8018 1951*
Marty Allen, Warden
Georgia State Prison
300 First Avenue South
Reidsville, GA 30453

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7229
Federal Express #7792 8053 3413*
Judy Fitzgerald, Commissioner
Georgia Department of Behavioral Health
and Developmental Disabilities
Two Peachtree Street NW
24th Floor
Atlanta, GA 30303

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7199
Federal Express #7792 8013 6591*
Gregory C. Dozier, Commissioner
of Georgia Department of Corrections
7 MLK Jr. Drive SW
Atlanta, Georgia 30334-9010

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7212*
Office of Legal Services
Georgia Department of Corrections
P.O. Box 1529
Forsyth, GA 31029

*First Class Mail and
Certified Mail, Return Receipt Requested
#7013 2250 0001 7451 7236
Federal Express #7792 8056 9491*
Brooks A. Keel, PhD
President of Augusta University,
CEO of AUHealth System
and Chair of Augusta University Medical
Center
1120 15th Street
Augusta, GA 30912

1



PLAINTIFF'S
EXHIBIT
2

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7243*
*Federal Express #7792 8060 5298*
Lee Ann Liska
CEO of Augusta University Medical Center
1120 15th Street
Augusta, GA 30912

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7250*
*Federal Express #7792 8086 8840*
Dr. Steve Wrigley, Chancellor
Board of Regents of the University
System of Georgia
270 Washington Street SW
Atlanta, GA 30334

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7267*
*Federal Express #7792 8064 6655*
C. Thomas Hopkins, Jr., MD, Chair
Board of Regents of the University
System of Georgia
c/o OrthoGA Services
717 South 8th Street
Griffin, GA 30224

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7274*
*Federal Express #7792 8149 4474*
Administrator or Director
Georgia Correctional HealthCare
1120 15th Street
Augusta, GA 30912

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7281*
*Federal Express #7792 8037 7185*
Office of Legal Services
Georgia Department of Corrections
7 MLK Jr. Drive SW
Atlanta, GA 30334-9004

*First Class Mail and*
*Certified Mail, Return Receipt Requested*
*#7013 2250 0001 7451 7298*
*Federal Express #7792 8154 8592*
Wade Damron, Director
Risk Management Division
Georgia Dept. of Administrative Services
200 Piedmont Ave., SE
Suite 1208, West Tower
Atlanta, GA 30334-9004

Re:     ANTE LITEM NOTICE OF CLAIMS PURSUANT TO O.C.G.A. § 50-21-26

Dear Sirs and Mesdames:

This firm represents Ms. Alicia Butler in relation to any and all claims which she may have against certain state governmental entities. This letter serves as notice of claims pursuant to the Georgia Tort Claims Act, O.C.G.A. § 50-21-26, and any and all other laws, statutes, rules or regulations requiring the presentation of claims against governmental entities. This notice is given within 12 months of the events upon which these claims are predicated.

This letter shall also serve as notice of the following information required by O.C.G.A. § 50-21-26:

2

**(A) The name of the State government entities, the acts or omission of which are asserted as the basis of the claims:**

Claims are hereby made against State of Georgia, the Georgia Department of Corrections, Georgia Department of Behavioral Health and Developmental Disabilities, Augusta University, the AUHealth System, Augusta University Medical Center, the Board of Regents of the University System of Georgia, Georgia Correctional HealthCare, and any and all officers, agents and employees of the same (collectively the "Potential State Tort Entities").

For the acts or omissions which are asserted as the basis of the claims, please see Section F, pages 4 and 5 of this letter, set forth below and by reference incorporated herein as though restated in their entirety.

**(B) Time of the transaction or occurrence out of which the loss arose:**

The injuries occurred on June 5, 2016 at approximately 3:00 p.m. – 4:00 p.m., E.S.T.

**(C) The place of the transaction or occurrence:**

The injuries took place at Georgia State Prison, 300 1st Ave. South, Reidsville, Georgia, 30453.

**(D) The nature of the loss suffered:**

Alicia Butler suffered physical and emotional injuries and damages stemming from an assault by an inmate as set out herein.

**(E) The amount of the loss claimed:**

Ms. Butler has incurred substantial medical costs, including but not limited to the following:

    a. East Georgia Regional Medical Center- $24,379.22 (See enclosed);
    b. Neurological Center of East Georgia- $1,792.72 (See enclosed. Ms. Butler is still treating), and
    c. Dr. April Schueths, Ph.D.- $4,180.00 (32 visits to-date, a representative sample bill is enclosed. Ms. Butler is still treating).

These are *not* inclusive of all expenses suffered by Ms. Butler. Pursuant to O.C.G.A. § 50-21-26, as counsel for Alicia Butler I am presenting her claims for general and special damages, both past and future, including but not limited to medical expenses, permanent disability, diminished earning capacity, lost wages, pain and suffering and any other damages allowed under Georgia law within the 12-month period required by statute.

While our investigation is ongoing, Ms. Butler is still treating and contends that the value of her claim cannot be presently quantified and far exceeds any statutory cap on damages. However, for all purposes required by the Georgia Tort Claims Act, including but not limited to all requirements of O.C.G.A. § 50-21-26, the amount of the loss claimed is One Million Dollars ($1,000,000.00).

3

**(F) The acts or omissions which caused the loss:**

Ms. Butler is a Licensed Practical Nurse who was employed by a third party to provide contract nursing services for Georgia State Prison. On the day in question, Ms. Butler was stationed at the pill room behind the mental health medical office counting and preparing medication for distribution to inmates in lockdown. Four nurses should have been on medical duty during that shift; only three nurses, including Ms. Butler, were working. No security officers were present.

Five security officers should have been stationed in the medical area during that shift; only one was on duty, and that officer was not present at the time Ms. Butler was attacked. Only two control stations had access to control the opening and closing of the sliders, which controlled access to the mental health medical office and pill room.

The two other nurses on duty went out to deliver medications to other inmates. Shortly after 3:00 p.m., Ms. Butler heard the door to the medical office close but did not hear a security officer's radio. She was alerted due to this. An unescorted inmate approached her and told her that an officer had sent him up there to get his pills. She told him to step back out of the office and once he was in the hallway he was told that his nurse was already out passing out medication. She watched him leave from the upstairs area before returning back to the pill room.

Approximately ten minutes later the same inmate, later determined to be Carlos R. Johnson, Jr., came in by himself and silently closed the door. Ms. Butler did not hear him come in and was surprised. Mr. Johnson was not supervised and was able to enter the medical office and pill room by himself.

There were no security officers present. He told her, "I don't want trouble, I just want my pills." She instructed him to get out and reached for a phone to call for help. Mr. Johnson attacked Ms. Butler, knocking the phone away from her.

She fought back but lost consciousness three separate times while he continued his assault. He hit, punched and choked her repeatedly. While she was unconscious, he moved her and pinned her between a desk and the wall so that she was trapped. During the attack, her pants and tights were pulled down and she was covered in urine.

The last time she regained consciousness, she saw Mr. Johnson standing above her. She began yelling and he turned and walked out. She crawled to the phone and tried to call for help. No one heard or came.

An officer eventually appeared. He could see that she had been attacked and called for aid. She was taken by ambulance to a local hospital and then transferred to a larger hospital and a rape crisis center.

She learned the next day that Mr. Johnson was HIV positive. It took approximately six weeks for the results of a rape kit to return, indicating that she did not appear to have been penetrated. She continues to take HIV tests; as of the date of this letter she is HIV negative.

Ms. Butler suffered damage to her throat and eyes, neck and upper back, severe and persistent headaches and psychological damages.

4

While our investigation into this matter is ongoing, and without waiving the right to assert additional or different bases for Ms. Butler's claims at a later date, the bases for her claims against the Potential State Tort Entities are as follows:

a. The State of Georgia and the Georgia Department of Corrections negligently caused her injuries by failing to provide adequate staffing and adequate security, failing to protect its employees and contract medical service providers, failing to adequately supervise inmates, failing to evaluate and treat Carlos R. Johnson, Jr. and failing to assign the proper security classifications/designations/levels to Carlos R. Johnson, Jr.;

b. The State of Georgia and the Georgia Department of Behavioral Health and Developmental Disabilities negligently caused her injuries by failing to evaluate and treat Carlos R. Johnson, Jr., failing to secure medical treatment and care to address the mental health of Carlos R. Johnson, Jr. and failing to assign the proper security classifications/designations/levels to Carlos R. Johnson, Jr.; and

c. The State of Georgia, Augusta University, AUHealth System, Augusta University Medical Center, the Board of Regents of the University System of Georgia and Georgia Correctional HealthCare negligently caused her injuries by failing to evaluate and treat Carlos R. Johnson, Jr., failing to assign the proper security classifications/designations/levels to Carlos R. Johnson, Jr., failing to provide adequate staffing and security, and failing to protect its employees and contract medical service providers.

The purpose of this letter is to comply with any notice requirements pursuant to O.C.G.A. § 50-21-26.

If you contend this letter does not provide you with sufficient notice pursuant to O.C.G.A. § 50-21-26 to permit you to investigate this matter, please advise me immediately. Please further accept this as a request for a copy of any and all insurance policies, indemnification agreements, or other such information that could potentially apply to these claims.

Very truly yours,

DUANN COWART DAVIS, P.C.

Duann Cowart Davis
Attorney at Law

DCD/ac
Enclosures

cc:  Ms. Alicia Butler
     Mr. Scot Kraeuter, Attorney at Law
     Mr. Stephen G. Lowry, Attorney at Law

5



PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of Legal Svcs
Dept Corrections
PO Box 1529
Forsyth, GA 31029

9590 9403 0316 5155 1250 92

2. Article Number (Transfer from service label)
7013 2250 0000 0250 7252

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

RECEIVED   JUN 5 2017   MAILROOM
STATE DOCKET COURT & JINT FILES

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Priority Mail Express®

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marty Allen, Warden
Georgia State Prison
300 First Ave S
Reidsville, GA 30453

9590 9403 0316 5155 1251 08

2. Article Number (Transfer from service label)
7013 2250 0001 7451 7205

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

JUN - 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregory C. Dozier
300 Patrol Road
Forsyth, GA 31029

9590 9403 0316 5155 1251 22

2. Article Number (Transfer from service label)
7013 2250 0001 7451 7162

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

JUN - 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS....**

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package +

**Tracking Number:** 70132250000174517274                    Remove ✕

Your item was delivered at 6:14 am on June 9, 2017 in AUGUSTA, GA 30901.

## ✅ Delivered

June 9, 2017 at 6:14 am
Delivered
AUGUSTA, GA 30901

Tracking History                                          ⌄

Product Information                                       ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs (http://faq.usps.com/?articleId=220900)

**ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS....**

# USPS Tracking®        •   FAQs ❯ (http://faq.usps.com/?articleId=220900)

### Track Another Package  +

**Tracking Number: 70132250000174517281**          Remove ✕

**Expected Delivery by**

# MONDAY

# 5  JUNE   by
2017 ⓘ   **8:00pm** ⓘ

## ⊘ Delivered

June 5, 2017 at 9:33 am
Delivered, To Agent
ATLANTA, GA 30334

---

**Tracking History**                                            ⌄

---

**Product Information**                                         ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

USPS.com® – USPS Tracking® Results                    https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3...

ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS....

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70132250000174517199                    Remove X

**Expected Delivery by**

# MONDAY

**5** JUNE
2017 ⓘ

by
**8:00pm** ⓘ

## ⊘ Delivered

June 5, 2017 at 9:33 am
Delivered, To Agent
ATLANTA, GA 30334

---

Tracking History                                    ∨

---

Product Information                                  ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

ALERT: AS OF APRIL 30, USPS.COM NO LONGER SUPPORTS OUTDATED BROWSERS....

# USPS Tracking®      .     FAQs > {http://faq.usps.com/?articleId=220900}

## Track Another Package +

**Tracking Number:** 70132250000174517250                    Remove ✕

**Expected Delivery by**

# MONDAY

# 5 JUNE 2017 ⓘ      by 8:00pm ⓘ

## ☑ Delivered

June 5, 2017 at 9:33 am
Delivered, To Agent
ATLANTA, GA 30334

---

**Tracking History**                          ⌄

**Product Information**                        ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**ALERT: AS OF APRIL 30, USPS.COM· NO LONGER SUPPORTS OUTDATED BROWSERS....**

# USPS Tracking®

FAQs ❯ (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70132250000174517236               Remove ✕

Your item was delivered at 6:14 am on June 9, 2017 in AUGUSTA, GA
30901.

### ☑ Delivered

June 9, 2017 at 6:14 am
Delivered
AUGUSTA, GA 30901

Tracking History                                        ⌄

Product Information                                     ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs (http://faq.usps.com/?articleId=220900)

\

‍ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TATTNALL COUNTY, GEORGIA
**SUV2018000106**
GC
MAY 17, 2018 01:53 PM

Sherry Bland, Clerk
Tattnall County, Georgia

IN THE SUPERIOR COURT OF TATTNALL COUNTY
STATE OF GEORGIA

ALICIA BUTLER,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )          Civil Action File No.
                                                  )
THE GEORGIA DEPARTMENT OF                         )          **JURY TRIAL DEMANDED**
CORRECTIONS, THE BOARD OF REGENTS                 )
OF THE UNIVERSITY SYSTEM OF GEORGIA,              )
GEORGIA CORRECTIONAL HEALTHCARE,                  )
GEORGIA STATE PRISON, GEORGIA                     )
DEPARTMENT OF BEHAVIORAL HEALTH                   )
AND DEVELOPMENTAL DISABILITIES,                   )
MARTY ALLEN, INDIVIDUALLY AND AS                  )
THE WARDEN OF GEORGIA STATE PRISON,               )
STANLEY WILLIAMS, TIMOTHY WARD and                )
JOHN DOES 1-10.                                   )
                                                  )
        Defendants.                               )

## PLAINTIFF'S FIRST CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS

Plaintiff, Alicia Butler pursuant to O.C.G.A. § 9-11-33 and 9-11-34, submits to

Defendant Georgia Department of Corrections the following requests for production of

documents, to be answered under oath and the answers to be served upon Plaintiff's attorney of

record, Stephen G. Lowry, Harris Lowry Manton LLP, 410 E. Broughton Street, Savannah,

Georgia, 31401, within forty-five (45) days from the date said requests for production of

documents are served upon Defendant. These requests for production of documents shall be

continuing in nature, requiring a supplemental response upon the discovery of other or future

information or documents affecting the response of Defendant.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a)     "You," "your," and "Defendant" mean Defendant Georgia Department of Corrections or any person or persons acting on its behalf, including, but not limited to, agents, attorneys, advisors, investigators, representatives and other persons acting on its behalf.

(b)     "The Prison" shall mean Georgia State Prison located at or in the immediate vicinity of 300 1st Avenue South, Reidsville, Georgia 30453.

(c)     "Document" shall mean each writing, thing, transcript, or record of any type or description that is or has been in your possession, control, or custody, or of which you have knowledge.

(d)     "Communication" includes any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, and any document (as defined above) delivered or sent from one person to another.

(e)     "Identify" when used with respect to a document or documents, shall mean, with respect to each document, the date, a description sufficient for identification, the subject matter and content, the specific location of the document and the name and address of the person having custody of the document.

"Identify" when used with respect to a person or persons, shall mean the name, age, business and residence addresses and telephone numbers, the employer and place of employment of all such persons.

(f)     Unless the context indicates otherwise, "person" shall mean the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business association, partnership, or other form of legal entity.

2

(g)     The terms "relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(h)     When appropriate, the singular shall encompass the plural, and vice versa.

## REQUEST FOR PRODUCTION

1.

Produce all documents identified in response to Plaintiff's First Interrogatories served contemporaneously herewith and incorporated herein.

2.

Produce any and all documents regarding the formation and structure of Georgia Department of Corrections including any articles of organization, operating documents or similar documents.

3.

Produce any and all documents regarding the formation and structure of the Georgia State Prison.

4.

Produce any report or document concerning any investigation of the subject incident. Include in this response any statements or recorded interviews of any person.

5.

Produce any and all photographs, drawings, maps or other depictions of the medical unit at the Georgia State Prison in 2016.

6.

Produce any and all written policies, procedures or guidelines relating to Georgia State Prison complex between January 1, 2010 and the present:

3

(a)     Safety;

(b)     Safety;

(c)     Security;

(d)     Medical staffing;

(e)     Protection of contractors; and

(f)     Supervision of violent criminals.

7.

Produce any employee handbook, or similar document, that otherwise governs the expected behavior and job performance of employees and/or agents of the Georgia Department of Corrections, including any security measures that were in place at the medical unit between January 1, 2010 and the present.

8.

Produce any and all documents, including emails, identifying complaints received of security activity at Georgia State Prison for medical staff or any complaints which occurred in the medical unit or in its immediate vicinity. Include in this response all contact information known for the complainant, the substance of the complaint, its date, and exactly what, if any, action was taken.

9.

Produce a printout or other comparable list of all security firms or non-GDOC personnel employed from January 1, 2015 – June 30, 2016.

10.

Produce all written reports generated from incidents involving criminal activity at Georgia State Prison from January 2010 to present.

11.

Produce certified copies of any and all insurance policies, including liability, excess and umbrella coverage, available to cover the Defendant for the claims and damages alleged in Plaintiff's Complaint.

12.

Produce any and all documents reflecting security improvements made to the medical unit at Georgia State Prison from January 1, 201 to present.

13.

Produce all documents related to any discussion, evaluation, and/or analysis by Georgia State Prison to implement additional security and safety measures for nurses and medical staff between January 1, 2010 and the present date.

14.

Produce any and all documents concerning inmate access to the medical unit at Georgia State Prison from January 1, 2010 to present.

15.

Please produce all Documents and/or any other thing obtained by any Defendant or its counsel or agents through any Open Records Act request(s) and/or Requests for Production to a Non-Party in connection with the subject litigation or Incident.

DATED this 14th day of MAY, 2018.

HARRIS LOWRY MANTON LLP

STEPHEN G. LOWRY
Georgia Bar No. 460289
T. PEYTON BELL
Georgia Bar No.: 571663

5

410 E. Broughton Street
Savannah, Georgia 31401
(912) 651-9967 (phone)
(912) 651-1276 (fax)
jed@hlmlawfirm.com
peyton@hlmlawfirm.com

                                        R. SCOT KRAEUTER
                                        Georgia Bar No. 428960

Johnson, Kraeuter & Dunn, LLC.
327 Eisenhower Drive
Savannah, Georgia 31406
(912) 721-9844
scot@jkdlawfirm.com

                                        DUANN COWART DAVIS
                                        Georgia Bar No. 191899

Duann Cowart Davis, P.C.
Post Office Box 415
108 North Main Street Ste B.
Reidsville, Georgia 30453
Telephone: (912) 257-4247
Facsimile: (912) 228-4530
duann@duanncowartdavis.com

                                        *Counsel for Plaintiff*

🍎 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TATTNALL COUNTY, GEORGIA
**SUV2018000106**
GC
MAY 17, 2018 01:53 PM

*Sherry Bland*
Sherry Bland, Clerk
Tattnall County, Georgia

IN THE SUPERIOR COURT OF TATTNALL COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALICIA BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | |
| THE GEORGIA DEPARTMENT OF | ) | **JURY TRIAL DEMANDED** |
| CORRECTIONS, THE BOARD OF REGENTS | ) | |
| OF THE UNIVERSITY SYSTEM OF GEORGIA, | ) | |
| GEORGIA CORRECTIONAL HEALTHCARE, | ) | |
| GEORGIA STATE PRISON, GEORGIA | ) | |
| DEPARTMENT OF BEHAVIORAL HEALTH | ) | |
| AND DEVELOPMENTAL DISABILITIES, | ) | |
| MARTY ALLEN, INDIVIDUALLY AND AS | ) | |
| THE WARDEN OF GEORGIA STATE PRISON, | ) | |
| STANLEY WILLIAMS, TIMOTHY WARD and | ) | |
| JOHN DOES 1-10. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT GEORGIA DEPARTMENT OF CORRECTIONS

Plaintiff, Alicia Butler pursuant to O.C.G.A. § 9-11-33 and 9-11-34, submits to

Defendant Georgia Department of Corrections the following interrogatories, to be answered

under oath and the answers to be served upon Plaintiff's attorney of record, Stephen G. Lowry,

Harris Lowry Manton LLP, 410 E. Broughton Street, Savannah, Georgia, 31401, within forty-

five (45) days from the date said requests for production of documents are served upon

Defendant. These interrogatories shall be continuing in nature, requiring a supplemental response

upon the discovery of other or future information or documents affecting the response of

Defendant.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a)     "You," "your," and "Defendant" mean Defendant Georgia Department of Corrections or any person or persons acting on its behalf, including, but not limited to, agents, attorneys, advisors, investigators, representatives and other persons acting on its behalf.

(b)     "The Prison" shall mean Georgia State Prison located at or in the immediate vicinity of 300 1st Avenue South, Reidsville, Georgia 30453.

(c)     "Document" shall mean each writing, thing, transcript, or record of any type or description that is or has been in your possession, control, or custody, or of which you have knowledge.

(d)     "Communication" includes any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, and any document (as defined above) delivered or sent from one person to another.

(e)     "Identify" when used with respect to a document or documents, shall mean, with respect to each document, the date, a description sufficient for identification, the subject matter and content, the specific location of the document and the name and address of the person having custody of the document.

"Identify" when used with respect to a person or persons, shall mean the name, age, business and residence addresses and telephone numbers, the employer and place of employment of all such persons.

(f)     Unless the context indicates otherwise, "person" shall mean the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business association, partnership, or other form of legal entity.

2

(g)    The terms "relating to" 'and "relate to" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(h)    When appropriate, the singular shall encompass the plural, and vice versa.

## INSTRUCTIONS

The following Instructions apply to all Interrogatories:

(a)    Each interrogatory is to be answered separately and specifically.

(b)    Plaintiff hereby requests, pursuant to O.C.G.A. § 9-11-26, that after answering these interrogatories, you supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

(c)    All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to, you or any of your agents, consultants, counsel, investigators, representatives or any other person or persons acting for you or on your behalf.

(d)    If you cannot answer certain of the following interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain your inability to provide a complete answer. State whatever information or knowledge you have about the unanswered portion of any interrogatory.

(e)    If any information called for by an interrogatory is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

(f)    Whenever an interrogatory requests the identification of a document, the answer shall state the name, address, position, and organization of the author and each recipient of the

3

document, the custodian of the document, the date of the document, and a brief description of the subject matter of the document.

(g)     Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, and position of employment at the time in question.

(h)     Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

(i)     Whenever an interrogatory seeks a description of an act, transaction, occurrence, dealing or instance, state the date when it occurred, the place where it occurred, the identity of each person participating therein, the person on whose behalf each such person participated or purported to participate, the nature and substance of all conversation or oral communication occurring during, or in connection with the act, transaction, occurrence, dealing or instance, and identify all documents referring thereto or reflecting the act, transaction, occurrence, dealing or instance.

(j)     Whenever an interrogatory asks for a date, state the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

## INTERROGATORIES

1.

Please identify yourself fully, giving your full name, age and date of birth, last four digits of your social security number, residential address, business address and occupation, and state the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories.

4

2.

Identify the officers of Georgia Department of Corrections and the members of any board as of June, 5, 2016.

3.

Identify each and every person who, to your knowledge, information, or belief, possesses any knowledge concerning either the Subject Incident or the cause(s) of the Subject Incident, one or more of the Plaintiff's claims or damages, or one or more of your defenses to the Plaintiff's Complaint. For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge. This includes, but is not limited to, any witnesses you might call at trial.

4.

Please state your understanding of the facts that led to the Subject Incident.

5.

State the names and last known addresses of all persons, entities, and contractors, including third parties, responsible for the security of Georgia State Prison from January 1, 2010 to present.

6.

Identify any and all policies, procedures, and/or guidelines relating to Georgia State Prison complex between January 1, 2010 and the present that concerns:

(a) Staffing;

(b) Safety;

(c) Security;

(d) Medical staffing;

(e) Protection of contractors;

(f) Supervision of violent criminals;

7.

Identify any and all security measures or devices that were in place at medical unit between January 1, 2010 and the present. State the date the security measures were implemented and if any change or modification occurred, please state the nature of the change and the effective date.

8.

From January 1, 2010 to the present, identify all complaints received of security activity at Georgia State Prison for medical staff or any complaints which occurred in the medical unit or in its immediate vicinity. Include in this response all contact information known for the complainant, the substance of the complaint, its date, and exactly what, if any, action was taken.

9.

With respect to all security firms or non-GDOC personnel employed from January 1, 2015 – June 30, 2016, state the following:

(a) Identity of the firm or personnel and all contact information;

(b) Date of hire, and termination of services, if applicable;

(c) By whom were they hired;

(d) Amount paid;

(e) Their responsibilities and/or job expectations at GDOC;

(f) Their training and qualifications;

(g) The identity of person to whom security personnel report;

6

10.

State whether reports are generated when an incident involving criminal activity occurs at Georgia State Prison, and if so:

    (a) Who prepares the incident report;

    (b) Who receives copies of the report;

    (c) Where are incident reports kept;

    (d) What incidents are required to be reported in writing; and

    (e) How long the reports are kept.

11.

State whether any warnings, advice, or counsel have been given to nurses or any medical staff with respect to their security at Georgia State Prison between January 1, 2010 and Present.

12.

State the names, addresses, and telephone numbers of all employees or agents of Georgia State Prison that were on duty or otherwise located at the prison in an official capacity on June 5, 2016. Include in this response the person or entity for which he or she was employed, the particular hours in which he or she was on duty, and the location or post of that person.

13.

State whether any electronic monitoring system such as alarms, access controls, closed circuit TV or other system was available for use on the date of this incident. If so, state the number, make, model, and model number, and whether it was in use at the time of this incident and whether there are any recordings.

7

14.

State whether or not any person, firm, or public entity has ever performed a security review or assessment at the medical unit and made recommendations as a result. If the answer is yes, set forth the name of the person or entity, the address, phone number, the date or dates on which the survey was performed, the recommendations made, and whether and when those recommendations were followed.

15.

State fully and completely how Alicia Butler was injured at Georgia State Prison on June 5, 2016.

16.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from any person purporting to have knowledge of any aspect of the subject incident or any issue in this matter? Please state "yes" or "no." If your answer is in any way in the affirmative, identify the name of the person who gave the statement and the name, address, and telephone number of anyone who has possession, custody, or control of such statement, transcript, or summary of such statement.

17.

If any photographs, motion pictures, charts, or diagrams, relating to the occurrence alleged in the Complaint, have been taken, please describe and identify those persons in possession of the same.

18.

Please describe all documents and tangible items not already described in your answers to these interrogatories, which are relevant to the facts or issues in this action, which you intend to rely upon to defend this action.

19.

State the names and addresses of any persons, who you believe have or may purport to have any knowledge or information pertaining to the circumstances of the occurrence alleged in the Complaint, and state, insofar as you know, the nature of such knowledge or information.

20.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to these defendants for the claims made in this lawsuit:

a) Name of each insurance company issuing policy;

b) Applicable liability limits concerning each policy;

c) Names of all persons and/or companies insured under each policy;

d) Names of the person(s) paying premiums with respect to each policy;

e) Policy number of each policy:

f) Types of insurance coverage carried;

g) Whether or not the defense of this action has been tendered to any such insurer;

h) Whether defense has been accepted by each such insurer to whom defense has been tendered;

i) Whether these defendants have made any claims under said policy or policies as a result of the occurrence herein;

9

j)  The nature, extent, and amount of any such claim or claims with said insurer(s);

k)  Whether those claims have been paid by said insurer(s) and the amount of said payment(s); and

l)  Your insurer's response or reaction with respect to the request that it defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

### 21.

Has Defendant or any insurer of Defendant or anyone in its behalf obtained any expert opinion, medical report, hospital report, laboratory report, or other written statement or report, including any group medical insurance documents, relative to any factual or medical matter pertaining to these claims, or retained a private investigator to investigate the factual events relating to this claim, which Plaintiff contends occurred. If so, for each such report, identify each written or recorded statement, report, photograph, video tape, or any other electronic visual or audio recording, by name, date, and address of the person or organization who either prepared, or took any such statement or report.

### 22.

Please identify any person that you expect to call as a testifying expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action. For each such expert, please identify the subject matter of which the person is expected to testify, a summary of the grounds for such opinions, and the identity of all documents and professional references upon which such person may base his or her testimony and opinions.

23.

Do you contend that any other person, business entity, or government entity is responsible in any way for the Plaintiff's damages? (By answering in the affirmative or negative, you are not admitting liability. The Plaintiff is only interested in learning whether you contend that some other person or entity may be in whole or in part responsible for this incident.) If your answer is in the affirmative, please state the facts on which you rely in making this contention, as well as:

(a) The names, addresses and telephone numbers of all persons who have knowledge of the facts; and

(b) Any and all writings and other tangible things that support your contention and state the name, address, and telephone number of the person who has each writing or tangible thing.

24.

List, identify, and describe the contents of each document which you have, or to which you have access, that pertains in any way to your defense, if any, to Plaintiff's claims. If you will do so, please attach a copy of each such document to your answers to these Interrogatories.

25.

Please state whether you or any employees or agents are aware of criminal activity in the medical unit at Georgia State Prison since 2009. If so, identify the nature of such criminal activity and the date when such occurred.

26.

Have any of your employees, agents or contractors ever been the victim of a crime that occurred in the medical unit at Georgia State Prison? If so, as to each instance:

11

(a) What was the nature of the crime;

(b) Where on the premises did it occur;

(c) Who was the victim;

(d) What was the date and time of the crime;

(e) Was the crime reported to any law enforcement agency, and if so, to which agency; and

(f) How did you learn of the commission of the crime?

27.

Identify all certificates and licensures for security guards, officers, and contractors who worked at Georgia State Prison.

28.

Identify each and every instance of assault and/or battery occurring in the medical unit at Georgia State Prison from January 2010 to present.

29.

Identify each and every complaint Georgia State Prison ever received concerning the medical unit at Georgia State Prison.

30.

Describe any local operating procedures in place at Georgia State Prison in effect on the date on June 5, 2016.

DATED this 17ᵗʰ day of MAY, 2018.

HARRIS LOWRY MANTON LLP

STEPHEN G. LOWRY

12

Georgia Bar No. 460289
T. PEYTON BELL
Georgia Bar No.: 571663

410 E. Broughton Street
Savannah, Georgia 31401
(912) 651-9967 (phone)
(912) 651-1276 (fax)
jcd@hlmlawfirm.com
peyton@hlmlawfirm.com

R. SCOT KRAEUTER
Georgia Bar No. 428960

Johnson, Kraeuter & Dunn, LLC.
327 Eisenhower Drive
Savannah, Georgia 31406
(912) 721-9844
scot@jkdlawfirm.com

DUANN COWART DAVIS
Georgia Bar No. 191899

Duann Cowart Davis, P.C.
Post Office Box 415
108 North Main Street Ste B.
Reidsville, Georgia 30453
Telephone: (912) 257-4247
Facsimile: (912) 228-4530
duann@duanncowartdavis.com

*Counsel for Plaintiff*

13

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of _____Tattnall_____ · County

**For Clerk Use Only**

Date Filed ___05-17-2018___      Case Number __SUV2018000106__
MM-DD-YYYY

⊜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TATTNALL COUNTY, GEORGIA
**SUV2018000106**
GC
MAY 17, 2018 01:53 PM

Sherry Island, Clerk
Tattnall County, Georgia

**Plaintiff(s)**
Butler, Alicia

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
The Georgia Department of Corrections

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
Georgia Correctional Healthcare
Georgia State Prison
Georgia Department of Behavioral Health

**Plaintiff's Attorney** Lowry, Stephen G      **Bar Number** ___460289___   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Automobile Tort
☑ General Tort
☐ Contract
☐ Real Property
☐ Civil Appeal
☐ Habeas Corpus
☐ Restraining Petition
☐ Injunction/Mandamus/Other Writ
☐ Garnishment
☐ Landlord/Tenant
☐ Other General Civil

**Domestic Relations Cases**
☐ Dissolution/Divorce/Separate Maintenance
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Adoption
☐ Family Violence Petition
☐ Other Domestic Relations

**Post-Judgement – Check One Case Type**
☐ Contempt
☐ Non-payment of child support, medical support, or alimony.
☐ Modification
☐ Administrative/Other

☑ Check if the action is related to another action(s) pending or previously pending in this court involving some or all the same parties, subject matter, or factual issues. If so, provide a case number for each.

___2017R267___
Case Number      Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. §9-11-7.1.

☐ Is interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Needed

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.