# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ALICIA BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV618-170 |
| | ) | |
| THE GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Alicia Butler has sued several state agencies and employees to recover for injuries she suffered when she was attacked by an inmate at Georgia State Prison while she was working in the prison infirmary. Doc. 1-1 (Complaint). Defendants removed the case from the Superior Court of Tattnall County, based on Butler's assertion of a claim under 42 U.S.C. § 1983 against two of them. Doc. 1 at 2. Both the agency defendants (the Georgia Department of Corrections, Board of Regents of the University System of Georgia, Georgia Correctional Healthcare, Georgia State Prison, Georgia Department of Behavioral Health and Developmental Disabilities) and the individual defendants (Stanley Williams, Marty Allen, and Timothy Ward) have moved for judgment on the pleadings. Docs. 4 & 7. They also jointly seek a stay of discovery

pending the resolution of those motions. Doc. 10. Plaintiff opposes the stay. Doc. 14.

In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654 at * 1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. Ga West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016). The Court is satisfied that the defendants have stated non-frivolous claims of immunity from suit. "Like a public official's qualified immunity, a state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Buchard Transportation Co. v. Florida Dept. of Environmental Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007) (discussing the military's immunity under *Feres v. United States*, 340 U.S. 135 (1950), and explaining that all immunities "entail[] a right to be free from the burdens of litigation"); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign . . . immunity protects government officials not only

from having to stand trial, but from having to hear the burdens attendant to litigation, including pretrial discovery." (citation omitted)). As defendants point out, if they are required to submit to discovery before their asserted immunities are resolved, "those immunities would be effectively lost." Doc. 15 at 3.

Defendants' motion to stay discovery (doc. 10) is, therefore, **GRANTED**. If any claims remain after the District Judge's disposition of defendants' Motion for Judgment on the Pleadings (docs. 4 & 7), the parties must confer and submit the report required by Fed. R. Civ. P. 26(f) within 14 days of that disposition.

**SO ORDERED**, this 1st day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA